

**ORDERED in the Southern District of Florida on January 19, 2016.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 15-21945-RAM |
| | CHAPTER 13 |
| RANDY CABRERA MONTANO, | |
| Debtor. | |

### ORDER OVERRULING CONFIRMATION OBJECTION

Unsecured creditor, American Express Centurion Bank ("Amex") objects to confirmation of the Debtor's chapter 13 plan. Amex argues that the plan does not provide for payment of Debtor's projected disposable income, because it does not increase payments to the unsecured creditors after the Debtor pays off the balance of his car loan in month 10 of the plan. Arguably, the forward-looking approach to projected disposable

income adopted by the Supreme Court in *Hamilton v. Lanning*, 560 U.S. 505, 130 S. Ct. 2465 (2010), could require the Debtor to increase his payments to unsecured creditors once his car loan is paid in full. However, that argument fails in this case, because the increase in income would still leave the Debtor with negative disposable income. Therefore, the objection will be overruled.

### Factual and Procedural Background

The Debtor filed this chapter 13 case on July 1, 2015, together with his schedules, his Form 22C-1 Statement of Monthly Income (the "CMI Form") [DE# 3] and his Form 22C-2 Calculation of Disposable Income (the "Disposable Income Form") [DE# 4]. The Debtor's monthly income in the CMI Form is $3,789.26. After deductions for living expenses based on national standards and deductions for payment expenses, the Debtor's disposable income in the Disposable Income Form is -$526.73. Neither the Trustee nor Amex challenged any of the line items in the CMI Form or Disposable Income Form. Based on the liquidation test and notwithstanding a negative disposable income, the Debtor's chapter 13 plan filed on July 11, 2015 (the "Plan") [DE# 14], provides for total payments of $3,000.04 to unsecured creditors.

Amex filed its Objection to Confirmation of Chapter 13 Plan (the "Objection") [DE# 23] on July 31, 2015.  Amex argues that

2

the Plan does not comply with the requirement in 11 U.S.C. §1325(b)(1)(B) to pay all of the Debtor's projected disposable income to unsecured creditors during the applicable commitment period. As previewed earlier, the Objection is based on the Debtor's $429.52 per month car payment listed in his Schedule J. That payment obligation will end when the car is paid off in month 10 of the Plan. According to Amex, the Debtor's Plan should increase payments to unsecured creditors by $429.52 per month starting in month 11.

The Debtor filed his Response to [the Objection] on October 30, 2015 (the "Response") [DE# 39]. As discussed above, the Response argues that the Debtor's disposable income will still be negative even if the vehicle expense is excluded from his Disposable Income Form. Amex filed a Reply to Debtor's Response (the "Reply") [DE# 40] on November 5, 2015, and the Court heard oral argument on December 7, 2015.

## Discussion

The Supreme Court's decision in *Lanning* adopted a forward looking approach directing Courts to look at the circumstances at confirmation if there has been a change in income or expenses that would make it unfair and unrealistic to use the disposable income number in the Disposable Income Form, a number which is based on a six-month look-back from the petition date. Under

3

*Lanning*, in calculating projected disposable income, the bankruptcy court "may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." 130 S. Ct. at 2478.

In *Lanning*, the changes in income were evident at confirmation but courts have applied *Lanning* to post-confirmation changes in expenses that are "virtually certain" to occur. *See e.g. In re Seafort*, 473 B.R. 207 (6th Cir. BAP 2010) (requiring debtor to step up future plan payments after 401(k) loan was fully paid), *aff'd* on other grounds, 669 F.3d 662 (6th Cir. 2012); *In re Montiho*, 466 B.R. 539 (Bankr. D. Haw. 2012) (requiring debtor to increase plan payments where car loan would be paid off in first three months of plan).

To resolve the Objection, the Court need not decide whether a debtor's plan must provide for increased payments in the months following the payoff of a car loan if a car loan will be paid in full during the applicable commitment period. Ruling on this issue is unnecessary because, as described earlier, eliminating the car expense from the Debtor's disposable income in this case would still leave the Debtor with negative income in his Disposable Income Form.

During oral argument, Amex asked the Court to ignore the Disposable Income Form and simply add the additional income to

4

the amounts the Debtor is already paying under his proposed Plan. That is not how it works. The calculation of disposable income in the Disposable Income Form still controls subject only to adjustments that may be appropriate under the *Lanning* standard. In this case, even if the Court found that *Lanning* required a change in the allowable automobile expense starting in month 11 of the Plan, this charge would still leave the Debtor with negative disposable income.

Therefore, it is –

**ORDERED** that the Objection is overruled.

###

COPIES TO:

Patrick L. Cordero, Esq.
198 NW 37th Avenue
Miami, FL  33125
(Counsel for Debtor)

Martin L. Sandler, Esq.
SANDLER & SANDLER
3390 Mary Street, Suite 116
Miami, FL  33133
(Counsel for American Express)

Nancy K. Neidich, Chapter 13 Trustee
P.O. Box 279806
Miramar, FL  33027